**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLUKAYODE DAVID OJO, | |
| Plaintiff, | Civil Action No. 20-5538 (JMV) (JBC) |
| v. | **OPINION & ORDER** |
| H.O. THOMAS DECKER, et al., | |
| Defendants. | |

Plaintiff, an immigration detainee, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security. Upon review of Plaintiff's application to proceed *in forma pauperis*, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court, and the Amended Complaint will be screened in due course.

Additionally, before the Court is Plaintiff's motion to transfer this matter back to the United States District Court for the Southern District of New York. (D.E. 7.) Plaintiff had initially filed this case in the Southern District of New York. (D.E. 3.) That court concluded that "it does not appear that venue is proper" and transferred the matter to the District of New Jersey, for the convenience of the parties and witnesses, and in the interest of justice, under 28 U.S.C. § 1404(a). (*Id*. at 2).

Under our jurisprudence, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

> property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In his motion to transfer, Plaintiff details many reasons why it would be more convenient to litigate this matter in the Southern District of New York but has not established that venue is proper in that district.  Plaintiff vaguely alleges that his Amended Complaint contains "sufficient facts establishing [venue] in the . . . Southern District of New York . . . [as a] significant amount of the events that formed the basis of this action occurred in New York." (D.E. 7, at 2.)

Plaintiff, however, only specifically refers to one event in the Southern District of New York, that the "the joint stipulation that would serve as the operating factor to the instant case was signed in New York City." (*Id*. at 1.)  It appears that Plaintiff is referring to a Joint Stipulation and Order of Dismissal, where the Department of Homeland Security ("DHS") agreed to a bond in an amount that Plaintiff's family could afford, which resulted in the dismissal of Plaintiff's 2014 habeas petition. (D.E. 6, at 22–23.)  According to Plaintiff, as part of this stipulation, DHS assured him that "he would remain outside of detention pending the final determination of his removal proceedings." (*Id*. at 23.)

The remainder of the Amended Complaint, and Plaintiff's motion to transfer, do not specifically identify any events that occurred in the Southern District of New York and instead spend nearly ten pages specifically detailing events in New Jersey.  (*See id*. at 24–34.)

Consequently, Plaintiff has not shown that a "substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of New York. 28 U.S.C. § 1391(b).  As

a result, Plaintiff has failed to show that venue is proper in that district, and transfer is inappropriate at this time.

For all of those reasons, the Court will deny Plaintiff's motion to transfer without prejudice. If Plaintiff wishes to renew his motion in the future, he must specifically identify each alleged event that took place in the Southern District of New York.  Accordingly,

**IT IS** on this **4th** day of December 2020,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is GRANTED; and it is further

**ORDERED** that Plaintiff's motion to transfer, (D.E. 7.), is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that SUMMONS SHALL NOT ISSUE, at this time, as the Court's *sua sponte* screening has not yet been completed; and it is further

**ORDERED** that the time to serve process under FED. R. CIV. P. 4(m) is hereby extended to the date **90 days** after the Court permits the Complaint to proceed; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

                                                  JOHN MICHAEL VAZQUEZ
                                                  United States District Judge