<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| OLUKAYODE DAVID OJO, | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 20-5538 (JMV) (JBC) |
| v. | : | |
| | : | **OPINION & ORDER** |
| H.O. THOMAS DECKER, et al., | : | |
| Defendants. | : | |

Before the Court is Plaintiff's Amended Complaint ("Complaint"). (D.E. 6.) The Court has reviewed the Complaint and observes that it "contains many unrelated allegations against disparate defendants that are not properly joined in a single complaint." *McKinney v. Prosecutor's Off.*, No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014).

Courts may raise the issue of improper joinder *sua sponte*, and the Court does so here. *Id*. (citing *Chen v. Shan Qiao Zhang*, No. 10–6255, 2011 WL 612727, at *2 (E.D. Pa. Feb.10, 2011)). Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

In multi-defendant cases like this one, however, Rule 20 generally controls and limits the propriety of joinder. *McKinney*, 2014 WL 2574414, at *14. Rule 20(a)(2) states, in relevant part:

> Persons . . . may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; *and*

     (B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

  Courts are to construe Rule 20 liberally "in the interest of convenience and judicial economy." *McKinney*, 2014 WL 2574414, at *14 (citing *Paladino v. Newsome*, No. 12–2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012)). Nevertheless, Rule 20 "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (quoting *Paladino*, 2012 WL 3315571, at *5).

  With those principles in mind, the Court finds that the Complaint does not comply with Rule 20 and that it contains at least six different sets of improperly joined claims. Plaintiff sues, at minimum, sixty-seven Defendants, not counting the John Does, and raises a plethora of claims over events that occurred in three different judicial districts. (D.E. 6.) Moreover, Plaintiff's claims vary wildly in type and subject matter. For example, among other things, the Complaint contains claims related to medical malpractice, retaliation, immigration, conditions of confinement, discrimination, access to courts, search and seizure, medical deliberate indifference, disciplinary due process, excessive force, assault and battery, and unlawful detention. Most of these claims are not directly related to each other, and Plaintiff's claims arising from any one of the five detention facilities do not appear related to the claims from the other four facilities. Similarly, Plaintiff's immigration claims do not appear related to his facility-based claims, at least within the meaning of Rule 20.

  When there has been a misjoinder, a court may sever the case into multiple civil actions under Rule 21. *E.g.*, *Harrell v. Wells Fargo Bank, N.A.*, No. 19-01417, 2019 WL 7207490, at *8 (D.N.J. Dec. 27, 2019) (citing *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (severing parties)); *see also* Fed. R. Civ. P. 21. Accordingly, the Court will sever Plaintiff's claims into six groups: (1) Essex County Correctional Facility claims; (2) Elizabeth Detention Center claims; (3)

Hudson County Correctional Center claims; (4) Bergen County Jail claims; (5) Buffalo Federal Detention Facility claims; and (6) immigration related claims.

The Court will direct Plaintiff to submit four proposed complaints, one for each group of claims arising from the Essex, Elizabeth, Hudson, and Bergen facilities.  In other words, the Essex County Correctional Facility complaint should only address events that took place in that facility, and the same applies for the Elizabeth, Hudson, and Bergen complaints.  The Court reminds Plaintiff that his proposed complaints must comply with Rules 18 and 20 discussed above.  The Court reserves the right to further sever Plaintiff's claims if the proposed complaints fail to comply with Rules 18 and 20.  If the proposed complaints meet these requirements, the Court will create new civil action numbers for each complaint.

As for Plaintiff's claims arising from the Buffalo Federal Detention Facility or his immigration proceedings, the Court finds that venue is not proper in the District of New Jersey as to those claims.  Venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

With those principles in mind, the Court will transfer Plaintiff's Buffalo Federal Detention Facility claims to the United States District Court for the Western District of New York, and transfer Plaintiff's immigration related claims to the Southern District of New York, as it appears

3

that "a substantial part of the events" giving rise to those claims arose in those districts respectively. 28 U.S.C. § 1391(b)(2). Additionally, before transferring those claims, the Court will dismiss Plaintiff's claims seeking his immediate release as moot, as it appears that Plaintiff is no longer in custody and now resides at a residential address. (D.E. 10.)

For the foregoing reasons, and for good cause shown,

IT IS, on this ___ day of March 2021,

**ORDERED** that Plaintiff's claims are SEVERED into six categories: (1) Essex County Correctional Facility claims; (2) Elizabeth Detention Center claims; (3) Hudson County Correctional Center claims; (4) Bergen County Jail claims; (5) Buffalo Federal Detention Facility claims; and (6) immigration related claims; and it is further

**ORDERED** that Plaintiff shall have forty-five (45) days from the date of this Order to submit four proposed complaints as to his: (1) Essex County Correctional Facility claims; (2) Elizabeth Detention Center claims; (3) Hudson County Correctional Center claims; and (4) Bergen County Jail claims, each proposed complaint may only contain claims arising from each facility respectively; and it is further

**ORDERED** that Plaintiff's claims for immediate release are DISMISSED AS MOOT[1]; and it is further

**ORDERED** that the Clerk of the Court shall TRANSFER Plaintiff's claims arising from the Buffalo Federal Detention Facility to the United States District Court for the Western District of New York, along with a copy of this Opinion and Order; and it is further

---

[1] This dismissal is without prejudice. In the event that Plaintiff is in custody, or placed into custody, he may renew his claims in the appropriate district.

**ORDERED** that the Clerk of the Court shall TRANSFER Plaintiff's claims arising from his immigration proceedings to the United States District Court for the Southern District of New York, along with a copy of this Opinion and Order; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Opinion and Order to Plaintiff by regular U.S. mail.

                                                             JOHN MICHAEL VAZQUEZ
                                                             United States District Judge